IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE §
COMMISSION, §
 §
            Plaintiff, §
 § Civil Action No. 3:07-CV-1643-D
VS. §
 §
PHILLIP W. OFFILL, JR., et al., §
 §
            Defendants. §

MEMORANDUM OPINION
AND ORDER

The court must decide whether to permit the United States of America (the "government"), through the United States Attorney's office for the Eastern District of Virginia and the United States Department of Justice, Criminal Fraud Section, to intervene in this civil enforcement action and whether to stay discovery pending the resolution of a related criminal investigation. For the reasons that follow, the court grants the government leave to intervene and stays all discovery in this case.

I

In September 2007 plaintiff Securities and Exchange Commission ("SEC") filed this civil enforcement action against eleven defendants and three relief defendants, alleging that the defendants collaborated in a scheme to offer and sell securities of six different companies to the public in violation of § 5(a) and (c) of the Securities Act of 1933, 15 U.S.C. § 77e(a) and (c). The government now seeks to intervene in this case and to stay

discovery pending disposition of a criminal investigation of two defendants in this case against whom the government expects to obtain criminal charges within the next few months for the same conduct alleged in the SEC's complaint.

II

The court considers first the motion to intervene. No party opposes the government's motion to intervene in this case under Rule 24(a) or (b). Finding a sufficient basis for the government's intervention under Rule 24(a)(2), the court grants the motion to intervene. *See, e.g., SEC v. Mutuals.com*, 2004 WL 1629929, at *1-*2 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (holding that government had right under Rule 24(a)(2) to intervene in SEC civil enforcement action for purpose of attempting to stay civil discovery that potentially jeopardized criminal investigation of defendants).

III

The court now turns to the motion to stay civil discovery.

A

Only defendant Phillip W. Offill, Jr. ("Offill") opposes the government's motion for a stay, and his opposition is limited to a stay that would deprive him of Rule 26(a)(1) initial disclosures. Offill argues that the government's stated need for a stay—to prevent the criminal targets from circumventing the restrictions on discovery in criminal proceedings—does not apply to Rule 26(a)(1)

initial disclosure material, but rather applies to "active" discovery, i.e., third-party subpoenas, requests for admission, and interrogatories. Although the SEC does not oppose a stay of civil discovery pending completion of the government's criminal investigation, it requests a few exceptions to the stay and that it be allowed to negotiate settlements with the defendants while the stay is in effect and to proceed to obtain a default judgment against one of the defendants who has not filed a timely answer. The SEC has also filed a motion to extend the current deadline to exchange Rule 26(a)(1) material, March 31, 2008, until two weeks after the court decides the government's two motions.

B

Because none of the parties opposes imposition of a stay of discovery in this case, the only issue remaining is the proper scope of the stay.

"Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding. Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) (citing *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. Oct. 1981)). "The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu*

*Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

> As the Fifth Circuit has instructed, in ruling on requests for stays of the civil side of parallel civil/criminal proceedings, [j]udicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*United States v. Gieger Transfer Serv., Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997) (internal quotation marks omitted) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (citation omitted)).

> Courts from other jurisdictions have outlined several factors that should be considered in determining whether "special circumstances" warrant a stay, including: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Heller Healthcare Fin., Inc. v. Boyes*, 2002 WL 1558337, at *2 (N.D. Tex. July 15, 2002) (Fitzwater, J.) (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

C

1

The first question is the extent to which the issues in the parallel criminal case overlap with those in the present case. The government contends that it has been investigating for years the two criminal targets[1] for their role in a series of securities fraud schemes, including the scheme alleged by the SEC in the instant suit. The government expects to bring criminal charges against the two criminal targets for this conduct within the next several months. None of the parties contests the government's representations concerning the overlap of the issues in the criminal and civil proceedings. The overlap of issues therefore weighs in favor of a stay.

2

The second factor focuses on the status of the criminal case. In the context of a criminal defendant's seeking a stay of civil discovery, "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct[.]" *Trs. of Plumbers & Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139. But when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down:

---

[1]The government has not yet disclosed the identity of the two targets of its criminal investigation. The court refers to these defendants as the "two criminal targets."

> Where district courts have stayed discovery
> most frequently in civil proceedings at the
> request of the Government, the stay questions
> have arisen in situations where the Government
> seeks to protect ongoing criminal
> *investigations* and pending *grand jury hearings*
> based on the notion that . . . a stay of the
> *entire civil proceeding* was necessary to
> protect ongoing grand jury investigation or
> that a stay of *all* discovery by defendants in
> the civil action is necessary because the
> government is presently conducting a
> widespread criminal investigation and
> defendant's discovery requests relate to the
> principal focus of the investigation.

Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 209-10 (1990) (quotation marks, brackets, and citation omitted). Thus although criminal charges have not yet been filed against the two criminal targets, this fact does not militate against granting a stay of discovery. Moreover, the government expects to obtain criminal charges within the next few months.

3

The court also weighs the private interests of the plaintiff in proceeding expeditiously against the prejudice that will be caused by the delay that will result from the stay. "In the context of a civil enforcement suit, the plaintiff's interest and the public interest are intertwined." *SEC v. Mersky*, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994). The SEC has consented to the stay of discovery. Thus this factor weighs in favor of a stay. *See Mutuals.com*, 2004 WL 1629929, at *3.

The court also considers defendants' interests in opposing the stay and the burden on them that would result were the stay to be granted. Offill, the only party who opposes a complete stay of discovery, implies that preventing Rule 26(a)(1) initial disclosures will delay his day in court. Offill Resp. 2 ("I'd like my day in Court, and sooner rather than later."). Offill and the remaining defendants certainly have an interest in quickly resolving the civil matter, and granting a stay of discovery does place a burden on them. But Offill does not oppose the stay of what he terms "active" discovery. That being so, the court is not persuaded that staying "active" discovery, while permitting the Rule 26(a)(1) initial disclosures, would lead to a quicker resolution of the case than would a comprehensive stay of all civil discovery. The discovery that requires the greatest time commitment is the active discovery, not the initial disclosures, which only require that the parties disclose information in their possession. It is unlikely that the civil case will be resolved before "active" discovery resumes. Thus staying Rule 26(a)(1) initial disclosures in addition to "active" discovery does not unduly burden the defendants. This factor counsels in favor of a complete stay of discovery.

Granting a stay of discovery serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy. *See Parallel Proceedings*, 129 F.R.D. at 204. "Resolution of the criminal case may increase prospects for settlement of the civil case. Due to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues." *Id.; see also Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding."). But because the only issue in this motion is the scope of the stay, and a more limited stay of discovery would serve the same interest of judicial economy as a complete stay, this factor is neutral.

6

"The effect of a stay of the civil case upon the 'public interest' is perhaps the most important factor[.]" *See Parallel Proceedings*, 129 F.R.D. at 205. The government argues that permitting the two criminal targets to proceed with discovery in the civil case will jeopardize its criminal investigation and later prosecution of them because the criminal targets will be allowed to obtain information not available to them in the criminal proceedings.

> In handling motions for a stay of a civil suit until the disposition of a criminal prosecution on related matters and in ruling on motions under the civil discovery procedures, a judge should be sensitive to the differences in the rules of discovery in civil and criminal cases. While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive.

*Campbell*, 307 F.2d at 487. "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." *Id.; see also Morris v. Am. Fed'n of State, County & Mun. Employees*, 2001 WL 123886, at *2 (S.D.N.Y. Feb. 9, 2001) ("The public has an interest in ensuring the criminal discovery process is not subverted."). "The Fifth Circuit has long recognized the public interest in law enforcement." *Mutuals.com*, 2004 WL 1629929, at *4 (citing *Campbell*, 307 F.2d at 487).

Offill contends that the government's justification for obtaining a stay—to protect its criminal investigation and prosecution of the two criminal targets—applies only to "active" discovery and not to Rule 26(a)(1) initial disclosures. The government maintains that permitting initial disclosures poses the same public interest concerns as does allowing "active" discovery. It points out that the SEC possesses sworn investigative testimony from witnesses with knowledge of matters that form the basis of the

government's criminal investigation. According to the government, if the SEC is required to proceed with Rule 26(a)(1) initial disclosures, these witness statements, which are protected in the criminal proceedings, must be disclosed to the two criminal targets. Moreover, the government posits that the SEC possesses a voluminous amount of material that impinges on the government's criminal investigation. This material, the government maintains, is also subject to disclosure under Rule 26(a)(1).

The material the SEC acquired during its investigation and that would be subject to disclosure under Rule 26(a)(1) likely contains significant information that would not be available to the criminal targets in criminal proceedings.[2] Thus a Rule 26(a)(1) disclosure raises the same concerns as does permitting "active" discovery. *See Mersky*, 1994 WL 22305, at *4 (holding that disclosure of SEC's investigative reports would compromise public's interest in fair criminal prosecution of civil defendants).[3] If Offill maintains that the SEC possesses material subject to initial

---

[2]Despite the significance of the material in the context of the criminal proceedings, this fact does not undermine the court's assessment of the relative insignificance of the Rule 26(a)(1) disclosures when compared to the time commitment involved in conducting so-called "active discovery." *See supra* § III(C)(4).

[3]Although the defendants in *Mersky* sought to acquire the SEC's investigative reports through a request for production rather than through a Rule 26(a)(1) initial disclosure, *Mersky*, 1994 WL 22305, at *1, the defendant's discovery request predated Rule 26(a)(1). *See Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 n.3 (9th Cir. 1994). The investigative reports at issue in *Mersky* would have been subject to a Rule 26(a)(1) disclosure.

disclosure under Rule 26(a)(1) that is also available to the two criminal targets in the criminal proceedings, the court will allow him, for cause, to apply for a lifting of the stay to permit specific discovery to take place. Thus far, Offill has failed to identify such material.

7

After weighing the respective factors and interests, the court finds that a temporary stay of all civil discovery is warranted. Accordingly, subject to the following proviso, the court stays all discovery in this case pending the conclusion of the criminal trial of the two criminal targets. If the two criminal targets have not been indicted within 120 days of the date this memorandum opinion and order is filed, this stay will terminate automatically unless extended in response to a government motion. A party may for cause move the court to lift the stay.

IV

The court must next decide whether to permit the SEC's two requests for exceptions to the stay.

A

The SEC has issued two subpoenas for the production of documents related to the bank accounts of defendant David B. Stocker ("Stocker"). The response to the request for production is due April 18, 2008. The SEC argues that because banks are required to maintain records for only seven years and that the events

forming the basis of the SEC's complaint occurred in 2004, the SEC must secure the information sought by these two subpoenas to prevent it from being destroyed if the criminal proceedings are prolonged. The SEC also seeks to obtain the redacted billing documents for the legal services that Offill, or attorneys working with him, performed for Stocker. The SEC points out that Stocker's counsel has given Offill permission to deliver these redacted bills to the SEC. Offill does not object to either of the SEC's requested exceptions to the stay. But he maintains that he has already provided the SEC with the redacted billing information. In reply, the SEC acknowledges receipt from Offill of some of the redacted bills but not for the first nine months of 2004.

B

Because no party objects to the SEC's two requests for exceptions to the stay, the court will permit the SEC to enforce the two subpoenas it issued on March 14, 2008 seeking the bank records of Stocker, and it will also permit the SEC to obtain the redacted legal bills for legal services that Offill performed for Stocker.

The SEC expresses concern that a stay of discovery might hinder its ability to obtain a default judgment against one of the defendants who has failed to file a timely answer. The court is not staying the entire case; it is only staying discovery. Thus nothing in this memorandum opinion and order prohibits the SEC from

seeking a default judgment, provided it does not need discovery that has been stayed by this decision or, for cause, obtains a partial lifting of the stay. Likewise, the stay the court is entering today does not affect the SEC's authority to settle with a party to this litigation. Because the court is not administratively closing this case, but only staying all civil discovery, the government must file with the court every 120 days a written report that updates the court on the criminal proceedings involving the two criminal targets. If necessary, this report may be filed under seal for *in camera* review.

\* \* \*

For the foregoing reasons, the court grants the government's March 18, 2008 motions to intervene and stay civil discovery. The court denies as moot the SEC's March 29, 2008 motion for an extension to exchange Rule 26(a)(1) material.

**SO ORDERED.**

April 9, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE