IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:07-CV-1643-D |
| VS. | § § | |
| PHILLIP W. OFFILL, JR., et al., | § § | |
| Defendants. | § | |

**FINAL JUDGMENT AS TO DEFENDANT DAVID B. STOCKER**

The Securities and Exchange Commission having filed a Complaint and Defendant David B. Stocker ("Stocker") having entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

I

It is ordered and adjudged that Defendant David B. Stocker and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II

It is further ordered and adjudged that Defendant David B. Stocker is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

III

It is further ordered and adjudged that Defendant David B. Stocker is liable for disgorgement of $888,693.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $298,040, for a total of $1,186,733.00. Payment of such disgorgement and prejudgment interest will be deemed satisfied in full upon entry

of a restitution order requiring Stocker to pay restitution in the criminal proceeding captioned *United States v. David B. Stocker*, Case No. 1:09CR118 (E.D. Va. filed March 11, 2009).

IV

It is further ordered and adjudged that the Consent of David B. Stocker is incorporated herein with the same force and effect as if fully set forth herein, and that Stocker shall comply with all of the undertakings and agreements set forth therein.

V

It is further ordered and adjudged that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI

Pursuant to Fed. R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay and directs the clerk of court to enter this as a final judgment.

Done at Dallas, Texas May 7, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE