IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:07-CV-1643-D |
| VS. | § § | |
| PHILLIP W. OFFILL, JR., et al., | § § | |
| Defendants. | § § | |

## JUDGMENT

For the reasons set out in memorandum opinions and order filed January 26, 2012 and April 4, 2012, it is ordered and adjudged that plaintiff Securities and Exchange Commission ("SEC") recover judgment from defendants Phillip W. Offill, Jr. ("Offill"), Ryan M. Reynolds ("Reynolds"), Timothy T. Page ("Page"), Steven P. Fischer ("Fischer"), RSMR Capital Group, Inc. ("RSMR"), Page Properties, LP ("Page Properties"), and ATN Enterprises, LLC ("ATN"), and relief defendants Timothy B. Barham ("Barham"), Ballad Enterprises, Inc. ("Ballad"), and Bellatalia, LP ("Bellatalia") as follows.

I

It is ordered and adjudged that defendants Offill, Reynolds, Page, Fischer, RSMR, Page Properties, and ATN, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise, are permanently restrained and enjoined from violating § 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under § 8 of the Securities Act, 15 U.S.C. § 77h.

II

It is further ordered and adjudged that defendants Reynolds, RSMR, Page, and Page Properties, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise, are permanently restrained and enjoined from violating, directly or indirectly, § 15(a) (1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78o(a)(1), while engaged in the business of effecting transactions in the securities for their accounts or the account of others, making use of the means or instruments of transportation or communication in interstate commerce or of the mails to effect transactions in or to induce or attempt to induce the purchase or sale of, securities, without registration with the SEC as a broker or dealer.

III

(a)  It is further ordered and adjudged that defendant Offill is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

(b)  It is further ordered and adjudged that defendants Reynolds, Page, Fischer, RSMR, Page Properties, and ATN are barred for a period of seven years from the date of this judgment from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

(c)  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

IV

(a)  It is further ordered and adjudged that the SEC recover from defendant Offill disgorgement in the sum of $12,500, together with prejudgment interest thereon in the sum of $6,233.84, for a total of $18,733.84.

(b)  It is further ordered and adjudged that the SEC recover from defendants Reynolds and RSMR, jointly and severally, disgorgement in the sum of $6,259,884.82, together with prejudgment interest thereon in the sum of $3,082,613.89, for a total of $9,342,498.71.

(c)  It is further ordered and adjudged that the SEC recover from defendants Page and Page Properties, jointly and severally, disgorgement in the sum of $288,223.08, together with prejudgment interest thereon in the sum of $141,092.36, for a total of $429,315.44.

(d)     It is further ordered and adjudged that the SEC recover from Fischer and ATN, jointly and severally, disgorgement in the sum of $5,658,859.81, together with prejudgment interest thereon in the sum of $2,649,978.23, for a total of $8,308,838.04.

(e)     It is further ordered and adjudged that the SEC recover from relief defendants Barham and Ballad, jointly and severally, disgorgement in the sum of $865,898.

(f)     It is further ordered and adjudged that the SEC recover from relief defendant Bellatalia disgorgement in the sum of $3,090,550.

V

It is further ordered and adjudged that the SEC recover from each of defendants Offill, Reynolds, Page, Fischer, RSMR, Page Properties, and ATN a civil penalty in the sum of $120,000 per defendant.

VI

It is further ordered and adjudged that defendants Offill, Reynolds, Page, Fischer, RSMR, Page Properties, and ATN, and relief defendants Barham, Ballad, and Bellatalia satisfy their obligations to pay disgorgement, prejudgment interest, and civil penalties by paying the amounts ordered within 30 days after entry of this judgment.  Such payments must be made to the clerk of this court. Each payment must be accompanied by a cover letter that identifies the defendant making the payment as a defendant in this civil action, must include the case caption and the civil action number of this case, and must include the name of this court, and must state that the payment is being made under this judgment.  When such a payment is made, the defendant making the payment must transmit to the SEC photocopies of the payment and cover letter to SEC counsel in this civil action.  By making a payment, the defendant making the payment relinquishes all legal and equitable

right, title, and interest in the funds included in the payment, and no part of the funds shall be returned to the defendant making the payment or to any other defendants or relief defendant in this civil action.  The clerk of court is directed to deposit each payment into an interest bearing account with the Court Registry Investment System or any other type of interest bearing account that is utilized by the court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the clerk of court is directed, without further order of this court, to deduct from the income earned on the money in the Fund a fee equal to 10% of the income earned on the Fund.  Such fee shall not, however, exceed that which is authorized by the Judicial Conference of the United States.  The SEC may propose a plan to distribute the Fund, subject to court approval.

VII

It is further ordered and adjudged that the SEC's taxable costs of court, as calculated by the clerk of court, are assessed against defendants Offill, Reynolds, Page, Fischer, RSMR, Page Properties, and ATN, and relief defendant Barham, Ballad, and Bellatalia.

VIII

It is further ordered and adjudged that the SEC recover post judgment interest from defendants Offill, Reynolds, Page, Fischer, RSMR, Page Properties, and ATN, and relief defendants Barham, Ballad, and Bellatalia at the rate of 0.18% per annum.

IX

It is further ordered and adjudged that the court retains jurisdiction over this civil action for the purposes of enforcing the terms of this Judgment.

X

Pursuant to Fed. R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay and directs the clerk of court to enter this as a final judgment.

Done at Dallas, Texas April 9, 2012.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE